CHARLES ROBINSON v. LOIS KINNEY.

*Error from Wyandotte County.*

In an action on a note in the following words:

QUINDARO, KANSAS, June 11, 1858.

"On the first day of November next, for value received, we promise to pay Mrs. Lois Kinney or bearer, three hundred dollars, with interest at the rate of three per cent. per month.

[Signed]    FOR THE QUINDARO TOWN COMPANY, by
           WEBB & CHAPIN, their Agents.
           CHARLES H. CHAPIN, Surety.
           OTIS WEBB, Surety.
           S. N. SIMPSON, Surety."

On which was endorsed $20, paid by Simpson Nov. 25, 1858, it was *held* that the written stipulation for interest, is interest from the day specified for the payment; that if not paid at maturity, after that the creditor is entitled to interest by operation of law and not by provision of the contract. The statute in force at the time of the making of this contract, fixed the rate of interest at six per cent. per annum, when no rate was agreed upon in writing, by the parties. *Held* that a judgment entered in this case, June 6th, 1859, for $393.25, the amount claimed, was for an amount too large.

The novel and anomalous provisions of Sec. 427 of the Civil Code, providing for making defendants, not served, before judgment, parties thereto, *held* not applicable to a case when the effect would be to subject one not a party to the original suit, to an erroneous and excessive judgment.

Where judgment has been rendered against one of several defendants served, the plaintiff may proceed against those defendants not served by another summons, but the right so to proceed is discretionary with the Court, under Sec. 381 of the Code, and the Court will exercise its control over the proceedings, whenever it will inconvenience the administration of justice or prejudice the opposite party. *Held* that the order of the Court making the plaintiff in error, (who was a defendant below not served before judgment), a party to the erroneous and excessive judgment, was error.

The case was submitted on briefs.

The defendant in error obtained a judgment on the 6th day of June, 1859, in the District Court of Wyandotte County, against Abelard Guthrie, Samuel N. Simpson and

Charles H. Chapin, for the sum of $393.25 damages, and $10.86 costs, in an action upon a promissory note made by the Quindaro Town Company, of which Company it was alleged said Charles Robinson was a member, and a joint maker of the note. He was made a defendant in the petition to said action, but the summons was not served on him.

On the 4th day of September, 1861, the said defendant in error filed her petition in the said District Court against the said Charles Robinson, Abelard Guthrie, Samuel N. Simpson and Charles H. Chapin, to make said Robinson a party defendant to the judgment aforesaid. The precipe directed the clerk to issue a summons against Robinson only, directed to the Sheriff of Douglas County, his place of residence. It was so issued and directed. It contained no endorsement of the amount for which, with interest judgment would be taken in default of an answer. At the April term of said Court, to-wit: on the 8th day of April, 1862, said Robinson by N. Cobb, his attorney, appeared specially in said action, and moved the Court to set aside the summons upon the following grounds, viz:

1st. The summons varied from the petition in the number of defendants, the summons being against Robinson only, and purporting to be an action against him alone, and the petition being against him and several other defendants.

2d. There was no endorsement upon the summons of the amount for which with interest judgment would be taken in default of an answer.

The Court overruled the motion and the defendant excepted. The defendant thereupon by consent of the Court interposed a plea to its jurisdiction, on the ground that the defendant was a resident of Douglas County. To this plea the plaintiff demurred: the Court sustained the demurrer and defendant excepted. The defendant then by permission of the Court filed a demurrer to the plaintiff's

.24

petition, on the ground that it did not state facts sufficient to constitute a cause of action. The Court overruled the demurrer and the defendant excepted; and thereupon on the 9th day of April 1862, a judgment was, by the said Court, directed to be entered making said Charles Robinson a party defendant to the original judgment entered June 6th, 1859, for the sum of $393.25, with costs.

The note upon which said judgment was rendered, reads as follows, viz:

" QUINDARO, KANSAS, June 11th, 1858.

On the first day of November next, for value received, we promise to pay Mrs. Lois Kinney, or bearer, three hundred dollars, with interest at the rate of three per cent. per month.

"FOR THE QUINDARO TOWN COMPANY, by
WEBB & CHAPIN, their Agents.
CHAS. H. CHAPIN, Surety.
OTIS WEBB, Surety.
S. N. SIMPSON, Surety."

*Charles Chadwick*, for plaintiff in error.

I.    The summons is defective in varying from the petition in the number of defendants; the summons is against Robinson only, and purports to be an action against him alone; and the petition is against him and several other defendants; (*Code, Secs.* 64-65, *Comp. Laws, p.* 134-1) and the summons should have been set aside for that reason.

II.    It is defective in not having an endorsement thereon of the amount for which with interest judgment would be taken in default of an answer. *Ibid. Sec.* 65; *People* v. *Bennett*, 6*th Abbott*, 349, *and Tuttle* v. *Smith, ibid.* 339.

III.    The Court erred in not sustaining the plea to its jurisdiction. The action should have been brought in Douglas County, where Robinson, the defendant, resided. *Code, Secs.* 52 *to* 60 *inclusive*; *Comp. Laws, p.* 132.

Robinson v. Kinney.

IV.   The Court erred in overruling the demurrer to the petition.   Because, 1st. It appears from the record that the judgment against Guthrie and others is too large.   The note drew only the legal rate of interest *after due*.   *Brewster* v. *Wakefield*, 22 *Howard's U. S. R.*, 118 ;   *United States Bank* v. *Chapman et al.*, 9 *Wend.*, 470.

The judgment being unjust the defendant cannot be made a party to it.   2d. The demand is barred by the Statute of Limitations, as appears by the petition.   *Comp. Laws*, 126.   " Time of commencing civil actions."

*Cooper and Stockton*, for defendant in error.

When an action is righly brought a summons may issue to any other county against any one or more defendants at plaintiff's request.   *Comp. L. p.* 134, *Sec.* 66.   No judgment is claimed against Robinson, but that he be made a party of a judgment already rendered.   *Comp. L. p.* 193, *Sec.* 427.   There is a general appearance by demurrer which is equivalent to service though voluntary. *Comp. L., p.* 135, *Sec.* 73.   The object of the Statute is to notify the defendant what judgment will be taken if he does not appear.   But if defendant appears, there is no necessity for an endorsement.   *Comp. L., p.* 134, *Sec.* 65. The fact pleaded in the answer does not show a want of jurisdiction, but in connection with the whole record shows that the Court had jurisdiction.   *Comp. L., p.* 135, *Sec.* 68.   The original judgment was for what was then legally and properly due the plaintiff from the defendants on the contract, and if the Supreme Court of the United States have since that time made new laws or a new contract for parties under certain circumstances, it will not affect this judgment.

The Minnesota decision cannot have relation back, nor do I believe it to be the law except in that particular case. It is not a precedent or decision entitled to respect.

This action was commenced against all the defandants April 18th, 1859.   The proceeding authorized by Statute

(*Comp. L.*, *p.* 128, *Sec.* 27, *and p.* 193, *Sec.* 427) was intended for precisely this case where the cause of action is barred, but for the fact that the party has a judgment, and asks all co-obligors to be made parties. An independent action would be brought but for the bar, and no necessity for this proceeding would exist.

*By the Court*, BAILEY J.

On the 24th day of March A. D. 1859, the defendant in error commenced suit in the Third District Court for Wyandotte County, K. T., against the Quindaro Town Co., consisting as she averred, of Charles Robinson, Abelard Guthrie, and Samuel N. Simpson, to recover the amount due her on a promissory note set out in her petition, as follows, viz:

" QUINDARO, KANSAS, June 11th, 1858.

On the first day of November next, for value received, we promise to pay Mrs. Lois Kinney or bearer, three hundred dollars with interest at the rate of three per cent. per month.

" FOR THE QUINDARO TOWN COMPANY, by
    WEBB & CHAPIN, their Agents.
    CHARLES H. CHAPIN, Surety.
    OTIS WEBB, Surety.
    S. N. SIMPSON, Surety."

There was an endorsement of twenty dollars paid by Simpson Nov. 25th, 1858, and judgment was claimed for $280, with interest at three per cent. per month from date of note.

On the 6th of June 1859, she recovered judgment against Guthrie, Simpson, Chapin and Webb, for $393.25, but the summons not having been served upon Robinson no judgment was rendered against him.

On the 4th September 1861, the plaintiff in that action, defendant in error here, filed her petition in the Clerk's Office of the District Court for Wyandotte County, briefly setting

out the facts of the former judgment, and praying that Robinson might be made a party to said judgment.

On this petition summons was issued to the Sheriff of Douglas County, duly served upon Robinson and returned, and on the 27th Sept. 1861, Robinson appeared by attorney and filed a demurrer on the ground that it did not contain facts sufficient to constitute a cause of action. At the next April term of the Court the demurrer was argued by counsel and overruled, counsel for Robinson excepting.

Robinson's counsel then moved for leave to file an answer, which was granted, but the answer does not appear of record, but it was finally ordered by the Court that, the said defendant, Charles Robinson, be and he is hereby made a party defendant to the original judgment in this case, entered June 6th, A. D. 1859, for the sum of $393.25 upon the note mentioned in the petition, and that said plaintiff have and recover of the defendant Charles Robinson, the costs of this proceeding.

To secure a reversal of this order Robinson files his petition in error in this Court.

Of the various errors complained of, the only one that seems to require discussion here, is as follows:

"Because it appears from the record that the judgment against Guthrie and others, is too large, as *the note drew only the legal rate of interest after due.*"

On examination, we find that the original judgment to which plaintiff in error was made a party by the order complained of was rendered for the whole amount of the note, deducting the $20.00 endorsed as paid by Simpson, with interest thereon at the rate of three per cent. per month from the date of the note to the date of the rendition of the judgment. By inspection of the note as set forth in the record, it will be seen that it was dated June 11th, 1858, and made payable Nov. 1st, 1858, while the judgment was rendered June 6th, 1859, more than seven months after the note fell due. It will be seen at once

that the case presents precisely the same state of facts and the same question of law discussed and settled by the Supreme Court of the United States in the case of Brewster *v.* Wakefield, 22 Howard, 118.

The Statute of Kansas in force at the time this judgment was rendered, is precisely the same so far as applicable to this case as the Statute of Minnesota governing the case of Brewster *v.* Wakefield.

In that case TANEY, C. J. remarks: " The written stipulation as to interest is interest from the date to the day specified for the payment. There is no stipulation in regard to interest after the notes become due, in case the debtor should fail to pay them—the contracts being entirely silent as to interest, if the notes should not be punctually paid, the creditor is entitled to interest by operation of law and not by any provision of the contract."

This language of the Chief Justice of the United States, supported as it is by the authority of Macomber *v.* Dunham, 8 Wend., 550, and United States Bank *v.* Chapin, 9 Wend., 271, and Ludwick *v.* Huntsinger, 5 Watts, and Serg. 51, must be held decisive of the point now under consideration.

The Statutes of Kansas Territory, in force at the time this contract was entered into, fixed the rate of interest at six per cent. per annum, where no rate was agreed on in writing by the parties. It is manifest therefore, that the judgment rendered June 6th, 1859 by the District Court Wyandotte County, was too large interest on $280.00, having been computed at the rate of thirty-six per cent. per annum instead of 6 per cent. per annum, from Nov. 1st, 858, to June 16th, 1859.

It remains to consider whether this error in the original judgment violates the subsequent order of the Court making Robinson a party to that judgment. The proceeding to make him a party appears to have been taken in pursuance of Sec. 427 of the Code of Civil Procedure, (*page* 193, *Comp. Laws.*)

This novel and as it seems to us somewhat anomalous provision of the Code cannot we think be held applicable to a case where the effect would be to subject one, not a party to the original suit, to an erroneous and excessive judgment.

Like all other provisions of the Code it was intended to assist parties in obtaining justice, and it is the duty of Courts so to construe and apply it that it may subserve the purpose of its framers without prejudice to the rights of any.

We have not been able to find any authority directly in point as to the section under consideration, but find it incidentally considered by the Superior Court of Cincinnati in the case of Leming & Co. *v.* Burguyne and Knowlton, 1st Handy's Rep. 77.

In that case it was held that where judgment had been rendered against one of several defendants served, that the plaintiff might proceed against those defendants not served, by another summons, but that the right so to proceed was subject to the control and discretion of the Court under Sec. 37 of the Ohio Code, (corresponding to Sec 381 of the Kansas Code,) and that the Court would exercise this control over the plaintiff's proceeding in this mode whenever it would inconvenience the administration of justice or prejudice the opposite party.

For the reasons above given, the order of the District Court making plaintiff in error a party to the former judgment, must be set aside, and the case remanded.

KINGMAN J., concurring.

COBB C. J., having been counsel in the case below, did not sit in the case.