A. D. SEARLE *et al.* v. CALVIN ADAMS.

*Error from Douglas County.*

Section 19, act of Feb. 9th, 1864, for restoring burned records in Douglas
county, providing that the plaintiff in any action pending in the District
Court of that county, "or in which summons had issued on the 21st day
of Aug. 1863, may commence a new suit upon the same cause of action
as in other civil actions, and the defendant shall not be allowed to plead
the statute of limitations unless he could have pleaded it in the original
action," *held* not in conflict with the constitutional law preservative of vest-
ed rights.

When the right of action was barred July 8th, and a summons was issued
March 23d, 1861, but not served on defendant, plaintiff in error, August
21st, 1863, when the records were destroyed, *held* that there is not pre-
sented a case as to which the general limitation of actions was sought to
be suspended by said section of the legislative act.

The decision in Robinson *v.* Kinney, [2 Kans., 184,] that a note drawing in-
terest at five per cent per month, draws that rate until maturity, and after
that at the rate fixed by law, *confirmed* and *held* that a computation by the
court below at five per cent per month until maturity, and at ten per cent
from that until the time of the change of the rate and at a higher rate
from then until judgment, was error.

The record shows that the defendant in error commenced
an action March 23d, 1861, in the District Court of Doug-
las county against the plaintiffs in error, on a promissory
note dated April 5th, 1858, payable " on or before ninety
days from the date, with interest from date at the rate of
five per cent per month." Service of summons was had
on all the makers of said note except Searle, who was not
served, and the suit continued, pending until Aug. 21st,
1863, when the entire records and papers of the District
Court for that county, including those in this case were
burned up. The said Calvin Adams afterwards on the
8th day of August, A. D. 1865, commenced a new action
against the plaintiffs herein on said note, and plaintiffs an-
swered denying each and every allegation, and pleaded
the statute of limitations. The cause was tried at the

November term, A. D. 1865, of said court, and the court found the facts as stated, and as conclusions of law that the said Calvin Adams was entitled to recover on said note against all of the plaintiffs here, the amount for which said note was given, together with interest thereon at the rate of five per cent per month until July 5th, 1858, the maturity of said note, and at the rate of ten per cent per annum from said 5th day of July 1858, until June 1st, 1863, the day the law of that year changing the rate of interest went into effect, and then at the rate of five per cent per month again until judgment, and rendered judgment accordingly; to all of which the plaintiffs excepted.

The case was brought here on such exceptions.

*John Hutchings*, for plaintiffs in error, submitted:

I. The defendant Searle, in the original suit, not having been served with summons previous to the destruction of the court records, action on the note as to him was barred by the statute of limitations, and the court below erred in rendering judgment upon its finding of the facts, against him.

If it is claimed that section nineteen of " The act relating to records and proceedings in the county of Douglas," (Laws 1864, page 94,) removes the restriction, or deprived the defendant Searle of the right to plead the statute in this case, we answer that if the section referred to is entitled to such a construction, it is retroactive, impairs a vested right, and is unconstitutional and void. *See Burch* v. *Newberry*, 10 *N. Y. Rep.*, 375, 392; 1 *Kent Com.*, 511; *Broom's Legal Max.*, 69; *Sedg. on Constr.*, 196, 197-8; *Smith's Com.*, 291, 295, secs. 151-2, &c.; *Id.*, 881, secs., 759, 760-61, *p.* 893, sec. 772; *Id.*, 531-35, secs. 368, 371; *Woart* v. *Winnick*, 3 *N. H. Rep.*, 477; *Merrill* v. *Sherbourne*, 1 *Id.*, 199; *McKinney* v. *Springer*, 8 *Blackf. Rep.*, 506; *Slipp et al.* v. *Brown*, 2 *Ind. Rep.*, 647.

The right to plead the statute of limitations was vested

in Searle before the records were destroyed, and before the act containing this section was passed. But the section referred to is not liable to such a construction. Under it Searle clearly had a right to plead the statute. Its language is, " the defendant shall not be allowed to plead the statute of limitations unless he could have pleaded it in the original action." Searle could have pleaded the statute in the original action any time after July 5th, 1861, not having been previously served with summons, and hence section nineteen did not even with the strictest construction deprive him of that right. It is a general rule that statutes are not to be construed retrospectively or to have a retroactive effect. *Smith's Com.*, 308, *sec.* 172 ; *Id.*, 679, *sec.* 533 *and cases cited in note. Sedg. on Const. Law*, 191 *to* 198.

II.   The court erred in allowing Adams interest on the note at the rate of ten per cent per annum from July 5th, 1858, to June 1st, 1863, and at the rate of five per cent per month from June 1st, 1863, until judgment.   The legal rate of interest at the time the note became due was six per cent, and that only should have been allowed. *Laws* 1855, *p.* 433 ; *Robinson* v. *Kinney*, 2 *Kans. Rep.*, 184 ; *Brewster* v. *Wakefield*, 22 *How. U. S. Rep.*, 118 ; *U. S. Bank* v. *Chapin et al.*, 9 *Wend.*, 470 ; *Macomber* v. *Dunham*, 8 *Id.*, 550.

*G. W. Smith*, for defendant in error, submitted :

1st.   Section 19 of the act of 1864, was an extension of the limitation in all cases pending in the District Court of Douglas county, on the 21st day of August, A. D. 1863, in which summons had issued.   That as the record shows that summons had issued in the action previous to that date, and although it was not served on plaintiff in error, (defendant below,) still the cause of action as to him would not, under that act, be barred until two years from the day that law went into effect.

2d. That limitation laws are completely under the control of the legislature, as they relate only to the remedy. No constitutional provision preserving rights to property is thereby disturbed or affected. There can be no vested right in a remedy.

3d. The computation of the amount due is correct. The judgment was rendered after the interest law of 1863 went into effect, and the computation therefore, must conform to that as to all interest accruing after its passage; and by that act the interest on a note like the one at bar draws the same rate after as before maturity. Previous to the passage of that law the rate was properly computed at ten per cent.

When the rate of interest is altered by law during the accruing of the interest, the rate so established, governs. 1 *Am. Lead. Cases*, 530; *Bullock* v. *Boyd*, 1 *Hoff.*, 294, 300; *Thorntons* v. *Fitzhugh*, 4 *Leigh.*, 209; 2 *U. S. Eq. Dig.*, 103, *sec.* 42.

*By the Court*, CROZIER, C. J.

In this case the irrepressible statute of limitations is again presented for consideration. For some years past upon the disposition of each succeeding case involving a construction of this statute, it was considered by bench and bar, that fiction itself could scarcely conceive of a new question to arise thereunder, but as term after term rolls around, there are presented new questions comparing favorably, in point of numbers, with Falstaff's men in buckram, thus adding to the legions that have gone before, a new demonstration of the propriety and verity of the adage that "truth is stranger than fiction." With the heat of 98 degrees of Fahrenheit, in the shade, and the newspapers teeming with reports of the ravages of our great common enemy, who, the more effectually to accomplish his double purpose of capturing the imprudent and frightening the timid, has assumed the form of the Asiatic

monster, it might be supposed by the unthinking that the consideration of such questions would be entered upon rather reluctantly. But we beg to disabuse the public mind of any such heresy. Cases might be imagined where "smashes" would not stimulate, nor "cobblers" quicken, nor "juleps" invigorate; but a new question under our statute of limitations, in coolness and restoring power, so far exceeds any and all of these, that when one is presented, the "fine auld Irish gintleman's" resurrection under the circumstances detailed in the song, becomes as palpable a realty as the "Topeka constitution or the territorial capital at Mineola." The powers of a galvanic battery upon the vital energies are wholly incomparable to it. So that the consideration of this case, upon this day of wilted collars and oily butter, should not entitle the court to many eulogies for extraordinary energy in the fulfillment of its duties.

In the case at bar, this court is asked to say, that upon the facts found by the judge of the District Court, no judgment should have been rendered against Searle; and in making this request, counsel was understood to intimate that some mischievously disposed persons, with a diabolical intent, not clearly revealed, while organized as the legislature of the state, had made a violent and unwarrantable onslaught upon the constitution,—that constitution which this court, as a tri-pedal pier, is exerting its utmost endeavors to support,—that constitution which, not only from patriotic and moral, but from alimentary considerations as well, we are bound to maintain and defend. Judging from the argument of counsel, considered with reference to its length, earnestness and number of authorities cited, we did not know but that while we were sitting attentively listening to what was said in exposition of the attempt aforesaid, even then the constitutional fabric was toppling to its fall and needed but an affirmance of the judgment of the court below to bring it

down about our ears with a crash which should cause con-
stitutional governments all over the world to quake upon
their foundations, and inflict upon the body of constitu-
tional liberty, contusions which must inevitably result in
her speedy mortality. Being in a somewhat "melting
mood" to-day, we would be pleased to gratify counsel by
adopting his fears, growing out of the supposed nefarious
attempt of the legislature in the passage of the 19th sec-
tion of the act concerning the lost records of Douglas
county, but supposing he will be somewhat gratified at a
decision in his favor upon any ground, we proceed now to
render such decision, asking to be excused from resolving
ourselves into a state of excitement on account of the
supposititious attack aforesaid, especially as we are not
convinced that any such attack was contemplated or ac-
complished.

The right of action accrued against Searle on the 8th
of July 1858, and was barred July 8th, 1861, because no
summons dated prior to that time was served upon him;
the twenty-seventh section of the Code providing that an
action shall be deemed commenced within the article on
limitations, at the date of the summons which shall be
served on each defendant. The summons issued March
23d, 1861, was not served upon Searle, and if an alias
had been issued after July 8th, 1861, and before the de-
struction of the records in 1863, and served upon him, he
might have successfully availed himself of the limitation
provided.

Section nineteen of the act concerning the burned re-
cords of Douglas county, does not apply to such a case.
It is as follows:· "The plaintiff in any action pending in
said court, or in which summons had been issued on the
21st day of August last, instead of setting out the plead-
ings therein, as hereinbefore mentioned, may commence a
new suit upon the same cause of action as in other civil
cases, and the defendant shall not be allowed to plead the

statute of limitations, unless he could have pleaded it in the original action, and the petition of the plaintiff shall allege the time when the original action was commenced, as near as may be, and that it was pending, or summons had issued, as hereinbefore mentioned."

It is as transparent as the soup of which Oliver Twist implored an additional supply, that the case at bar is not one of those, as to which the general limitation was sought to be suspended by the section quoted; wherefore the District Court erred in rendering judgment against Searle.

In the case of Robinson v. Kinney, (2 Kans., 184,) this court held that a note, like the one sued upon in this case, would draw interest until maturity at five per cent per month, and thereafter at the rate fixed by law in the absence of a contract upon that subject. This decision we are not disposed to disturb. There was therefore, error in the computation of interest in this case by the court below.

The judgment of the District Court will be reversed and the cause sent back for judgment in accordance with this opinion.

All the justices concurring.